**SCHINDLER, Plaintiff-Appellant, v. LIEBERMAN, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4792.   Decided October 8, 1952.

Russ Bothwell, Al. J. Frericks, Columbus, for plaintiff-appellant.
Harold Lieberman, Columbus, for himself.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court sustaining the defendant-appellee's motion for a new trial. The action was one for damages for false arrest. Upon trial being had a verdict was rendered in favor of the plaintiff for $500.00. The entry sustaining the motion recites that it is sustained for the reasons set forth in the Court's decision filed on April 15, 1952, which we quote in full:

"RANDALL, J.

"The motion of defendant for a new trial is based upon several alleged grounds, the first six of which, in our opinion, are not well taken. The seventh ground assigned is 'other errors apparent upon the face of the record.' Under this last assigned ground defendant in oral argument referred to certain inquiries made of him by way of cross examination during the trial. We set forth in full the portion of the cross examination complained of as follows:

" 'Q. Have you ever been suspended?

" 'MR. LIEBERMAN: I object.

" 'Q. (Continuing) from the practice of law?

" 'MR. LIEBERMAN: I object to that question.

" 'THE COURT: Sustained.'

"Also the following:

" 'Q. You are under indictment of our present Grand Jury right at this time on a felony charge?

" 'A. No.

" 'Q. Haven't you been indicted yourself right in this very court in the last two or three years?

" 'MR. LIEBERMAN: I am going to object.

" 'THE COURT: I will sustain the objection and the Jury will disregard the implication.

" 'MR. LIEBERMAN: At this time, Your Honor, I wish the Court would reprimand the attorney for making that kind of statement.

" 'THE COURT: It is wholly uncalled for and improper to show a mere charge against anybody and the Jury will disregard it and counsel will refrain from making any statement of that kind again.'

"While we sustained the objections of defendant to the above inquiries, the question arises whether the action of the Court in merely sustaining objections to the first inquiry relating to the alleged suspension of defendant from the practice of law and the admonition of the Court to disregard the subsequent inquiry relative to the alleged indictment of defendant were sufficient to remove from the minds of the jury the implications arising from these highly prejudicial questions. It must be remembered that the jury knew that the defendant was a member of the Bar and that they would consequently hold him to a high standard of rectitude. The first question relative to defendant's suspension conveyed to the jury the hint that the defendant at one time at least had been sufficiently derelict in his profession to be barred from the practice. The jury would naturally assume that counsel for plaintiff would not have propounded the question unless he would have some basis in fact for so doing.

"The second inquiry, however, is even more serious than the first. It is elementary knowledge of all lawyers that a mere naked charge or indictment is no basis for impeaching the credibility of a witness. Counsel for plaintiff must have known this. As a matter of fact, although this is not a part of the record, we presided in the case in which the defendant was tried on the only indictment returned against him to our knowledge in this county. That indictment was for a misdemeanor and not for a felony as suggested in the question propounded to the witness. The facts are that there was no indictment pending against defendant in this court at the time of the trial of the instant case, and what is more important, the defendant was acquitted by a jury on the indictment which had been returned at a previous term. All of these facts could have been ascertained by plaintiff if he had consulted the records of that case before making the inquiries. In our opinion, the inquiries above referred to might well prejudicially have affected the verdict and probably did so influence it, despite our attempt by admonition to eradicate it from the minds of the jury.

"The motion of defendant will be sustained and a new trial ordered.

"Exceptions."

The appellant has assigned five errors, three of which relate to prejudicial error in the record, and two, to an abuse of discretion exercised by the trial court. Only the latter may be considered on this appeal, for the sustaining of a motion for a new trial is not a final order when erroneously made. It becomes final only when the Court abuses its discretion in making the order. **Green v. Acacia Mutual Life Insurance Co., 156 Oh St 1.** Now what is meant by an abuse of discretion in this connection? That question has been answered in the case of **Steiner v. Custer, 137 Oh St 448,** the second paragraph of the syllabus of which is as follows:

"2. The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

Our examination of the reasons given by the court for the sustaining of the motion disclose that his actions were neither unreasonable, arbitrary nor unconscionable. He sets forth fully the particular facts presented which he thinks might have prejudiced the minds of the jury, all of which appear to us to be sound and logical. If in so doing he gave consideration to some matters foreign to the record, as urged by the appellant, this may be erroneous, but it could not be said to be unconscionable.

Finding no prejudicial error in the record, the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.